Lauriat, J.
The plaintiff, Kalman K. Brattman (“Brattman”), as president of NatureQuest Corporation and NatureQuest Publications, Inc., two Massachusetts non-profit corporations, has brought this action pro se against Michael J. Connolly, as the Secretary of State of the Commonwealth of Massachusetts (“the Secretary”), challenging the Secretary’s dissolution of Brattman’s two corporations in November 1986 for their failure to file annual reports for the years 1983 and 1984 as required by G.L.c. 180, §26A.
The Secretary has now moved to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6), or for summary judgment pursuant to Mass.R.Civ.P. 56, and to have judgment entered declaring that the plaintiffs corporate charters were properly revoked pursuant to G.L.c. 180, §26A. Having reviewed and considered matters outside the pleadings, this court will treat the motion as one for summary judgment, and for the following reasons, will allow the Secretary’s motion for summary judgment as to Brattman’s claim that he is entitled to a waiver of filing fees for non-profit corporations, and allow summary judgment in favor of Brattman on his second claim that the Secretary improperly dissolved Brattman’s corporations.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 815, 819 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). “Summaryjudgment, when appropriate, may be rendered against the moving party.” Mass.R.Civ.P. 56(c).
I.
Brattman, president of two Massachusetts private, non-profit corporations, allegedly submitted annual reports to the Secretary of State’s Office for the years 1983 and 1984 without the filing fees required by G.L.c. 180, §26A(3). Those filings were rejected because the fees were not paid. Brattman’s corporations were therefore in default. G.L.c. 180, §26A(4). Brattman’s first claim is that the required statutory fees should be waived because his two corporations lack the funds to pay the fees. Filing fees are determined annually by the “commissioner of administration under G.L.c. 7, §3B." G.L.c. 180, §26A(3). See also G.L.c. 180, §11C. The current fee for filing annual reports for nonprofit corporations is $15.00 per year. 801 C.M.R. 4.02 (950)(72). This is substantially lower than the $85.00 fee required for the filing of annual reports for domestic corporations. 801 C.M.R. 4.02 (950)(9). There are no statutory provisions for a waiver of such filing fees. Therefore, there is no basis for Brattman’s first claim, and summary judgment on this claim must be entered in favor of the Secretary.
II.
Brattman’s second claim against the Secretary is that he had no authority to “dissolve" Brattman’s two corporations, as he allegedly did, since by law he can only revoke the charters of incorporation of Massachusetts non-profit corporations. G.L.c. 180, §26A. The Secretary has no authority to dissolve a private, nonprofit corporation. Only the Supreme Judicial Court can dissolve a non-profit corporation. G.L.c. 155, §50A.
The Secretary asserts that the distinction between whether Brattman’s corporations were dissolved or *586 their charters revoked is merely semantic. However, the Secretary's actions to dissolve Brattman’s corporations were taken pursuant to his “Notification and Dissolution Project.” See Affidavit of Laurie Flynn. Also, in the undated “Notice of Dissolution” allegedly sent to Brattman’s corporations, the Secretary advised Brattman that his corporations “will be dissolved ninety days from this notice, as provided by M.G.L.c. 180, §26A, ¶4 . . .” See Attachment 3 to Affidavit of Laurie Flynn. Although the Secretary’s notice recited the applicable statute, G.L.c. 180, §26A(4), the Secretary made clear he would act to “dissolve the corporation for failure to file the annual reports for two consecutive years.” See id.
Furthermore, the Certificate of Dissolution of Brattman’s corporations does not refer to “revocation." Instead the Secretary states that “I also certify that said corporation was dissolved on November 17, 1986 under the provisions of Chapter 156B §101 . . .” See Complaint, Exhibit 7. Thus, the Secretary dissolved Brattman’s Corporations pursuant to a statute which is inapplicable to those corporations. The court concludes that the Secretary acted without authority in dissolving Brattman’s non-profit Massachusetts corporations, and summary judgment on this claim must be entered in favor of Brattman. M.R.C.P. 56(c).
Despite the court’s decision today, Brattman’s corporations remain in default for their failure to submit the required reports and fees pursuant to G.L.c. 180, §26A(3) and (4). Absent Brattman’s compliance with those statutory requirements, the Secretary is free to take the necessary steps to revoke his corporations’ charters. Brattman is also free to cure his corporations’ defaults by submitting all past due annual reports together with all required annual fees and any required late payments and penalties.[1]
ORDER
For the foregoing reasons, the Secretary’s motion for summary judgment is ALLOWED as to Kalman K. Brattman’s claim that he is entitled to a waiver of filing fees for his two Massachusetts private, non-profit corporations, and the Secretary’s motion for summary judgment is ALLOWED in favor of Kalman K. Brattman on his second claim that the Massachusetts Secretary of State improperly dissolved his two Massachusetts non-profit corporations.

 though there is a factual dispute between the parties as to whether proper notice of default was sent to Brattman’s two corporations, the court’s determination that the Secretary acted incorrectly in “dissolving” those corporations under G.L.c. 156B, §101, makes it unnecessary to reach and resolve this issue.